1  Maryn L. Miller (State Bar # 161761)
   Maryn.Miller@bcbg.com
2  Reyoung Kim (State Bar # 237744)
   Rey.Kim@bcbg.com
3  Erica S. Alterwitz (State Bar # 240377)
   Erica.Alterwitz@bcbg.com
4  BCBG MAX AZRIA GROUP, INC.
   2761 Fruitland Avenue
5  Vernon, CA  90058
   Telephone:  +1.323.277.5394
6  Facsimile:   +1.323.277.5463

7  David S. Elkins (State Bar # 148077)
   david.elkins@squiresanders.com
8  Joseph P. Grasser (State Bar # 255156)
   joseph.grasser@squiresanders.com
9  SQUIRE SANDERS (US) LLP
   600 Hansen Way
10 Palo Alto, CA  94304
   Telephone:  +1.650.856.6500
11 Facsimile:   +1.650.843.8777

12 Attorneys for Plaintiff
   BCBG MAX AZRIA GROUP, INC.

FILED

2012 MAR 12  AM 3:54

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BCBG MAX AZRIA GROUP, INC., | Case No. CV 12 2088 ABC (JCGx) |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| STRETTA MODA, LLC, a California limited liability company. | |
| Defendant. | |

For its Complaint, plaintiff BCBG Max Azria Group, Inc. ("BCBG" or "Plaintiff") alleges as follows:

## JURISDICTION AND VENUE

1. The Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1116(a) and 1121, 28 U.S.C. §§1331, 1332 and 1338. The Court has supplemental jurisdiction over all other claims under 28 U.S.C. §1367(a). This Court has personal jurisdiction over defendant Stretta Moda, LLC ("Defendant" or "Stretta") because it both is located and does business in this state.

2. Venue is proper in this judicial district under 28 U.S.C. §1391 because each of the parties has a principal place of business here, and because a substantial portion of the events giving rise to Plaintiff's claims arose in this district.

## THE PARTIES

3. BCBG is a corporation organized and existing under the laws of the State of California, with a principal place of business in Vernon, California. BCBG owns all of the capital stock of several subsidiaries, including BCBG Max Aria Group Europe Holdings SARL and MLA Multibrand Holdings, Inc., a Delaware corporation ("MLA"). MLA is the registered owner of the trademarks and trade names "HERVE LEGER" and "HERVE LEGER PARIS."

4. Plaintiff is informed and believes and therefore alleges that Stretta is a California limited liability company with a principal place of business at 8266 Melrose Avenue, Los Angeles, California 90048 and an Internet presence at http://www.strettaapparel.com. Stretta imports, a likewise advertises, markets and promotes its infringing garments in and from this district.

## FACTUAL BACKGROUND

*The Herve Leger Trade Dress*

5. The "Herve Leger" brand and trademark is vested with enormous prestige in the fashion industry generally, and in the world of haute couture in particular. The prestige is due to the originality and huge success of Herve Leger designs, and one design in particular.

6. Beginning in the early 1990's, the Herve Leger name and mark became internationally famous in the realm of couture and high fashion as a result of the spectacular success of the "bandage dress," the signature dress embodying the look and feel of the Herve Leger Trade Dress. The "bandage dress" is a high fashion garment with a singular trade dress featuring a combination of the following non-functional elements: (a) bands of fabric, (b) arranged in horizontal and/or diagonal patterns, (c) to form the tight-fitting dress with an overall look that accentuates the female form (collectively, the "Herve Leger Trade Dress"), as shown in the pictures at right.

7. Since its inception, the Herve Leger brand has continuously—and exclusively—used the Herve Leger Trade Dress in connection with its products such that the fashion industry and its consumers associate the Herve Leger Trade Dress as an indicator of a product's source. The signature elements of the Herve Leger Trade Dress are found on Herve Leger dresses throughout each collection and from season to season. Adapting the iconic Herve Leger Trade Dress to appeal to consumers in new and different ways presents a never-ending challenge. But while some dresses may now include additional

design elements, such as sequins or lacing, the distinctive elements of the Herve Leger Trade Dress are reflected throughout the Herve Leger brand's entire body of work. The features of the Herve Leger Trade Dress serve to distinguish it—and the Herve Leger brand in general—from all other fashion designers and lines.

8. BCBG (through its affiliates) acquired the Herve Leger business, trademarks and the Herve Leger Trade Dress and goodwill in 1998. BCBG has since spent millions of dollars promoting the Herve Leger Trade Dress of the signature bandage dress in high-fashion magazines, runway shows, select product placements and other forms of advertising and promotion. These marketing dollars and promotional activities have reinforced the distinguishing aesthetic features of the Herve Leger Trade Dress by sending the clear, consistent message that Herve Leger garments represent the ultimate in couture quality, design and craftsmanship.

9. BCBG also carefully manages how its products, including those bearing the Herve Leger Trade Dress, are crafted and sold. Apparel bearing the Herve Leger Trade Dress is exclusively manufactured for BCBG, and in the United States BCBG remains the exclusive distributor of such apparel. BCBG itself retails apparel bearing the Herve Leger Trade Dress and other Herve Leger products in Herve Leger by Max Azria retail boutiques and through its online store at http://www.bcbg.com. In addition, BCBG distributes apparel bearing the Herve Leger Trade Dress and other Herve Leger products to high-end department store that will market and sell the products in a manner appropriate for haute couture, such as Saks Fifth Avenue, Bloomingdales, Nordstrom and Neiman Marcus. BCBG likewise distributes the apparel to exclusive specialty boutiques, such as Intermix.

10. The notoriety of the Herve Leger Trade Dress has also been enhanced through accolades and awards recognizing its uniqueness and iconic stature in the fashion world. In 2011, for example, Herve Leger by Max Azria was awarded the "Mercedes-Benz Presents" title during the Fall/Winter 2011 Mercedes-Benz

Fashion Week in New York. As shown in <u>Exhibit E</u>, the award recognizes designers who "demonstrate dedication to the use of quality materials, unique style and innovative design." Concurrently, the bandage dress has become quite popular with celebrities and socialites. Pictures of celebrities wearing Herve Leger bandage dresses embodying the Herve Leger Trade Dress are found on the cover of and in many fashion and celebrity magazines and Internet sites.

11. Because of

- the Herve Leger Trade Dress's iconic status and appeal to consumers,
- BCBG's painstaking development and enhancement of the Herve Leger Trade Dress,
- BCBG's marketing and promotion efforts, and
- The overall notoriety of the Herve Leger Trade Dress, as demonstrated by the trade press and other independent media sources,

the Herve Leger Trade Dress came to be synonymous with the Herve Leger brand—with its connotation of luxury, glamour and high quality. In other words, the Herve Leger Trade Dress has developed a secondary meaning and significance in the minds of the purchasing public, namely that any garment bearing it is an authentic Herve Leger product. Indeed, these garments are so readily recognizable as Plaintiff's design that the purchasing public need not see a garment's label to recognize and identify Herve Leger as its source.

### *Stretta is Formed to Knock Off the Herve Leger Trade Dress*

12. Stretta is a new company, formed in late November 2010. But Stretta has shied away from any attempt to establish itself in the world of high fashion with original products; Plaintiff is informed and believes that Stretta does not have an internal design department to design or create its own garments.

13.     Instead of making and selling original products, Stretta makes and sells inferior, lower quality garments that copy the Herve Leger Trade Dress.  Indeed, Stretta's very existence appears to have been predicated on making and selling knock-off Herve Leger bandage dresses in interstate commerce.  Each Stretta garment sold through retail stores and on its website at www.strettaapparel.com is either a direct copy of an authentic Herve Leger garment embodying the Herve Leger Trade Dress, or is an amalgam of one or more Herve Leger garments, again embodying the Herve Leger Trade Dress, as shown against on the right.



14.     Stretta's deceptive conduct does not stop at making and selling garments that illegally copy the Herve Leger Trade Dress.  Although of inferior quality and workmanship, Stretta's infringing garments appear substantially similar —and in some cases, superficially identical—to authentic Herve Leger products.  Plaintiff is informed and believes and therefore alleges that Stretta has attempted to capitalize on the superficial identity of its garments with the authentic Herve Leger Trade Dress by engaging in a "leak" campaign.  What Stretta has been "leaking" to the public and to the fashion trade is that its garments are made by the same factories as authentic Herve Leger dresses.  In other words, Stretta has falsely advertised, in the context of interstate commerce, that its Herve Leger knock-offs are virtually the same as authentic Herve Leger garments—the one difference being the lower Stretta price.

15.     Stretta sells its infringing garments through many of the same trade channels that Plaintiff sells its Herve Leger garments, such as the boutique Intermix and department stores such as Nordstrom's.

*The Harm Stretta is Inflicting on BCBG*

16.     Stretta's activities detailed above have harmed and continue to harm BCBG in several ways.  First, Stretta's misappropriation of the Herve Leger Trade

Dress in infringing garments communicates to consumers, and consumers are likely to be confused into believing, that Stretta's garments were manufactured, licensed, approved or sponsored by, or otherwise affiliated with, BCBG. Indeed, even celebrity stylists, some of the most discerning and sophisticated consumers in the fashion industry, have been actually confused into believing that Stretta's knock-offs were genuine Herve Liger dresses and have gone as far as attempting to "return" Stretta merchandise to Herve Liger. Doing so also dilutes the Herve Leger Trade Dress by tarnishment and blurring.

17. Second, Stretta's infringement of the Herve Leger Trade Dress diminishes the status of the Herve Leger Trade Dress as a unique identifier of the Herve Leger brand.

18. Third, while Stretta's infringing garments are intentionally made to copy the Herve Leger Trade Dress, the quality and construction of the Stretta garments is inferior to that of authentic Herve Leger dresses. Through its infringement, Stretta is harming the Herve Leger brand's reputation for high quality and craftsmanship.

## FIRST CLAIM FOR RELIEF
### TRADE-DRESS INFRINGEMENT AND UNFAIR COMPETITION (15 U.S.C. §1125(a))

19. BCBG repeats and re-alleges each and every allegation contained in the foregoing paragraphs as though fully set forth here.

20. Stretta's activities of making and selling garments embodying the Herve Leger Trade Dress, as alleged in detail above, are prohibited by Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)) and constitute trade dress infringement.

21. Stretta's false and misleading representations about the source or origin of its garments, as also alleged in detail above, are likewise prohibited under Section 43(a), and thus constitute false advertising.

22. Stretta's trade dress infringement and false advertising have damaged and continue to damage BCBG in an amount to be determined at trial.

23. Because Stretta made and continues to make false and/or misleading representations of fact about its garments in intentional disregard of their falsity and/or misleading nature, BCBG is entitled to an award of enhanced damages under Section 35(a) of the Lanham Act (15 U.S.C. §1117(a)). Moreover, this is an exceptional case for which the Court should award BCBG its reasonable attorneys' fees.

24. Stretta's activities have caused and will cause irreparable harm to BCBG for which it has no adequate remedy at law. In particular, Stretta's past and continuing false and/or misleading representations of fact, as alleged above, are causing irreparable harm, continuing to the foreseeable future, and are a serious and unmitigated hardship. BCBG will continue to suffer irreparable injury to its goodwill, rights and business unless and until Stretta and any others in active concert with Stretta are enjoined from continuing their wrongful acts.

## SECOND CLAIM FOR RELIEF
### TRADE-DRESS DILUTION (15 U.S.C. §1125(c))

25. BCBG repeats and re-alleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

26. As alleged above, the Herve Leger Trade Dress has acquired distinctiveness in the minds of consumers and has become famous. Stretta has wantonly misappropriated the Herve Leger Trade Dress to promote its own infringing garments in interstate commerce. As also alleged above, Stretta does so in a manner that dilutes and is likely to dilute the distinctiveness of the Herve Leger Trade Dress by (a) diminishing the public's association of the exclusivity of that trade dress with the Herve Leger brand, (b) diminishing the status of the Herve Leger Trade Dress as a unique identifier of the Herve Leger brand and (c) harming the Herve Leger brand's reputation for high quality and craftsmanship. Stretta's conduct is prohibited by and thus violates Lanham Act section 43(c) (15 U.S.C. §1125(c)).

27. Stretta's trade dress dilution has damaged and continues to damage BCBG in an amount to be determined at trial.

28. Because Stretta's dilution of the Herve Leger Trade Dress is intentional and in wanton disregard of the resulting harm to BCBG, BCBG is entitled to an award of enhanced damages under Section 35(a) of the Lanham Act (15 U.S.C. §1117(a)). Moreover, this is an exceptional case for which the Court should award BCBG its reasonable attorneys' fees.

29. Stretta's activities have caused and will cause irreparable harm to BCBG for which it has no adequate remedy at law. In particular, Stretta's past and continuing false and/or misleading representations of fact, as alleged above, are causing irreparable harm, continuing to the foreseeable future, and are a serious and unmitigated hardship. BCBG will continue to suffer irreparable injury to its goodwill, rights and business unless and until Stretta and any others in active concert with Stretta are enjoined from continuing their wrongful acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

a. That the Court enjoin Stretta from continuing to (i) infringe or dilute the Herve Leger Trade Dress or (ii) make false and/or misleading representations of fact stating or inferring that the source or origin of Stretta's garments is the same source of Herve Leger garments;

b. That Stretta pay BCBG damages for the harms it has suffered and continues to suffer as a result of Stretta' infringement, dilution and false and/or misleading advertising, promotion and/or marketing, including a corrective advertising award as permitted by law;

c. That this Court award BCBG three times any damages award pursuant to 15 U.S.C. §1117;

d. That this case be found to be exceptional within the meaning of 15 U.S.C. §1117;

|   |   |
|---|---|
| 1 | e.   That the Court award BCBG its costs and expenses of suit, including all reasonable attorneys' fees it has incurred and will incur in this matter; |

e.   That the Court award BCBG its costs and expenses of suit, including all reasonable attorneys' fees it has incurred and will incur in this matter;

f.   That the Court award BCBG prejudgment and post-judgment interest; and

g.   That the Court grant BCBG such other and further relief as the Court deems just and proper.

Dated:  March 12, 2012

By: *[signature]*
David S. Elkins
Joseph P. Grasser
SQUIRE, SANDERS (US) LLP

Erica S. Alterwitz
Reyoung Kim
Maryn L. Miller
BCBG MAX AZRIA GROUP, INC.

Attorneys for Defendant
BCBG MAX AZRIA GROUP, INC.