MARK B. MIZRAHI (State Bar No. 179384)
mmizrahi@wrslawyers.com
MICHELLE E. GOODMAN (State Bar No. 238429)
mgoodman@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422

Attorneys for Defendant,
Stretta Moda, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BCBG MAX AZARIA GROUP, INC.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>STRETTA MODA, LLC,<br><br>　　　　Defendant. | CASE NO. 12-cv-2088 ABC (JCGx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STRETTA MODA, LLC TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant STRETTA MODA, LLC (hereinafter, "Stretta"), for itself and no other defendant, answers the Complaint filed by plaintiff BCBG MAX AZARIA GROUP, INC. (hereinafter, "Plaintiff") in this action and denies all allegations not specifically admitted and states as follows:

**JURISDICTION AND VENUE**

1. Stretta acknowledges that the Complaint purports to arise under 15 U.S.C. § 1116(a) and 1121. Stretta also acknowledges that the Complaint purports to base subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338 and 1367. Nevertheless, because these allegations of Paragraph of the Complaint contain only

conclusions of law, Stretta is not required to provide a response. Stretta admits that this Court has personal jurisdiction over it and that it is located and does business in this state.

2. Stretta acknowledges that the Complaint purports to base the venue upon 28 U.S.C. § 1391. Stretta admits that it has a principal place of business in this district. Stretta is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint and, on that basis, denies them.

## THE PARTIES

3. Stretta is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, on that basis, denies them.

4. Stretta admits that it is a California limited liability company and that it has a place of business located at 8266 Melrose Ave., Los Angeles, CA 90048 and that it operates a website located at <strettaapparel.com>. Because the remaining allegations of Paragraph 4 are unintelligible, Stretta can neither admit nor deny such allegations concerning, on that basis, denies them.

## FACTUAL BACKGROUND

5. Stretta is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, on that basis, denies them.

6. Stretta denies that Herve Leger possesses trade dress rights in the "bandage dress" format. Stretta is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint and, on that basis, denies them.

7. Stretta denies that Herve Leger possesses trade dress rights in the "bandage dress" format, that Herve Leger dresses possess "distinctive elements," or that

"features of the Herve Leger" dresses described in this paragraph "serve to distinguish it – and the Herve Leger brand in general – from all other fashion designers and lines." Stretta is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and, on that basis, denies them.

8. Stretta denies that Herve Leger possesses trade dress rights in the "bandage dress" format. Stretta is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint and, on that basis, denies them.

9. Stretta denies that Herve Leger possesses trade dress rights in the "bandage dress" format. Stretta admits that Plaintiff distributes apparel under the Herve Leger brand in department stores such as Saks Fifth Avenue, Bloomingdale's, Nordstrom and Neiman Marcus and in boutiques such as Intermix. Stretta is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint and, on that basis, denies them.

10. Stretta denies that Herve Leger possesses trade dress rights in the "bandage dress" format. Stretta is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint and, on that basis, denies them.

11. Stretta denies that Herve Leger possesses trade dress rights in the "bandage dress" format, that its dress designs have "developed a secondary meaning and significance in the minds of the purchasing public," or that "the purchasing public need not see a garment's label to recognize and identify Herve Leger as its source." Stretta is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint and, on that basis, denies them.

12. Stretta admits that it was formed in late November of 2010. Stretta denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Stretta denies the allegations contained in Paragraph 13 of the Complaint.

14. Stretta denies the allegations contained in Paragraph 14 of the Complaint.

15. Stretta admits that it sells garments through some of the same stores that Plaintiff sells its Herve Leger dresses, including to Intermix and Nordstrom.  Stretta denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Stretta denies that Plaintiff has acquired trade dress rights in the asserted products and further denies that there is a likelihood that consumers would be confused into believing that Stretta's garments manufactured, licensed, approved or sponsored by, or otherwise affiliated with, BCBG.  Stretta yet further denies that it has infringed upon or otherwise violated upon any of Plaintiffs' valid rights.  Stretta is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint and, on that basis, denies them.

17. Stretta denies the allegations contained in Paragraph 17 of the Complaint.

18. Stretta denies the allegations contained in Paragraph 18 of the Complaint.

### FIRST CLAIM FOR RELIEF

19. Stretta incorporates by reference each and every response contained in paragraphs 1 through 18 above, as though fully set forth herein.

20. Stretta denies the allegations contained in Paragraph 20 of the Complaint.

21. Stretta denies the allegations contained in Paragraph 21 of the Complaint.

22. Stretta denies the allegations contained in Paragraph 22 of the Complaint.

23. Stretta denies the allegations contained in Paragraph 23 of the Complaint.

24. Stretta denies the allegations contained in Paragraph 24 of the Complaint.

### SECOND CLAIM FOR RELIEF

25. Stretta incorporates by reference each and every response contained in paragraphs 1 through 24 above, as though fully set forth herein.

26. Stretta denies the allegations contained in Paragraph 26 of the Complaint.

27. Stretta denies the allegations contained in Paragraph 27 of the Complaint.

28. Stretta denies the allegations contained in Paragraph 28 of the Complaint.

29. Stretta denies the allegations contained in Paragraph 29 of the Complaint.

## AFFIRMATIVE DEFENSES

Stretta asserts the following affirmative defenses to each Count and claim raised in the Complaint, unless otherwise indicated.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each claim raised, fails to state a claim against Stretta upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff should not prevail because the alleged trade dress rights being asserted by Plaintiff do not constitute a trademark use and therefore are not capable of trademark protection.

### THIRD AFFIRMATIVE DEFENSE

3. Stretta's accused activities relating to its use of Plaintiff's alleged trade dress does not infringe or otherwise violate any valid rights for which Plaintiff is entitled to relief.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's asserted trade dress referenced in Plaintiff's Complaint is functional and therefore not subject to protection.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's asserted trade dress referenced in Plaintiff's Complaint is neither inherently distinctive nor has it acquired secondary meaning and therefore is not subject to protection.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff does not possess any trademark rights in Plaintiff's asserted trade dress referenced in Plaintiff's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff cannot recover against Stretta on any of its claims alleged in the Complaint because Stretta has not engaged in any business practice that is forbidden by any federal or state statute, regulation, rule, policy, and/or common law.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff cannot recover against Stretta on any of its claims alleged in the Complaint because Stretta has not engaged in any conduct that is likely to deceive or confuse the public.

### NINTH AFFIRMATIVE DEFENSE

9. Stretta is informed and believes, and on this basis asserts that Plaintiff are barred from recovery because it has not suffered any injury or damage as a result of any act or conduct of Stretta.

### TENTH AFFIRMATIVE DEFENSE

10. Stretta is informed and believes, and on this basis asserts that Plaintiffs' claims are barred in whole or in party by the applicable statute of limitations and/or laches.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Stretta is informed and believes, and on this basis asserts that Plaintiff is barred from recovery, as to some or all of the claims, because it lacks standing to sue.

### TWELFTH AFFIRMATIVE DEFENSE

12. Stretta is informed and believes, and on this basis asserts that Plaintiff's claims relating to the content of Stretta's advertisements and/or marketing statements are barred because the advertisements were either accurate, or at the most puffery, and not likely to mislead or deceive any consumers.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Stretta is informed and believes, and on this basis asserts that Plaintiff is barred from recovery, because its alleged trade dress is not famous.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's asserted trade dress claim asserted in Plaintiff's Complaint is barred by the doctrine is "aesthetic functionality."

Stretta reserves the right to add additional defenses that may become evident during discovery or trial of this matter.

WHEREFORE, Defendant Stretta prays for judgment against Plaintiff as follows:

a. That Plaintiff take nothing by reason of its Complaint or otherwise;
b. A dismissal of the Complaint with prejudice;
c. Stretta be awarded its reasonable attorneys' fees, costs and other expenses incurred in this action; and
d. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Stretta hereby demands and requests a trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

/s/ - Mark B. Mizrahi